QUESTION: Are police officers who are performing special duties after an official shift of duty subject to Part I of Ch. 493, F. S.?
SUMMARY: Police officers who have completed their official shift of duty may volunteer and be authorized for special assignment pursuant to the conditions set forth in this opinion, do not have to be licensed under Part I of Ch. 493, F.S., and do not violate the provisions of s. 493.11(2), F.S. Your letter requests my opinion on the legal position taken in your memorandum on this subject, and inasmuch as I concur in your conclusion, I think it best to set out your memorandum in full herein; but, before so doing, the relevant provisions of s. 493.11, F.S., can be stated as follows: 493.11 Inapplicability of part I of this chapter. — (1) This part shall not apply: (a) To any detective or officer belonging to the agencies of the United States or this state, or any county or municipality of this state, while any such officer is engaged in the performance of his official duties. (b) To special police officers appointed by the state or by the police department of any city or county within the state while any such officer is engaged in the performance of his official duties. * * * * * (2) No person, firm, company, partnership, corporation or any bureau or agency, exempted hereunder from the application of this part, with the exception of any state or national bank or bank holding company, credit union, small loan company, consumer credit reporting agency, or collection agency, shall perform any manner of private investigator or watchman, guard or patrol agency service for any person, firm, company, partnership, corporation, bureau or agency whether for fee, hire, reward, other compensation, remuneration, or consideration or as an accommodation without fee, reward or remuneration or by a reciprocal arrangement whereby such services are exchanged on request of parties thereto. The commission of a single act prohibited by this section shall constitute a violation thereof. I quote from your memorandum: Several of you recently have sought the opinion of this office as to whether the assignment of police officers during their "off-duty" or "non-regular-shift" hours to special police duties, which such assignments are requested and paid for by individual companies and businesses, would contravene Section 493.11 of the Florida Statutes. In capsule form, the cited section exempts police officers engaged in the performance of their official duties from the licensing requirements of Part I of Chapter 493, and then prohibits this exempted class from performing for a fee or other consideration any private detective or watchman, guard, or patrol service for any person, firm, or company. After analyzing the purpose and intent for which this statute was created and after completing our research into your specific question, we are of the opinion that the present "special assignment" duty which is permitted and undertaken by many of the departments within our county is lawful and not prohibited by Section 493.11. This opinion is predicated upon a number of facts and conditions which we understand to be part and parcel of each special duty detail: (1) Such details are authorized by and conducted pursuant to departmental rules and regulations, and there exists no city (or county) ordinance to the contrary; (2) Assignments are made centrally, or internally, under the control of the department head or his designated representative(s); (3) Assignments are wholly voluntary on the individual officer's part; (4) The program is open to all officers of the department who desire to participate; (5) The officer is "on-duty" during the hours of the special assignment; that is, he is then working as a public police officer, subject to all the duties and responsibilities of his public employment, and not under the control, direction, and supervision of the particular person, firm, or business to whose property he has been assigned; (a) Being "on-duty," he is subject to any departmental call for assistance or back-up that may arise during the particular hours of the special assignment; (b) Being "on-duty," he is fully responsible to enforce the laws, whether a violation occurs within or beyond the premises of his special assignment. (6) Payments for assigned officer man-hours are made to the city or to the department pursuant to ordinance or to departmental rules and regulations, and then in turn paid to the officer who performed the actual duty, rather than directly from the firm or business to the individual officer himself. Special assignments under the above-listed criteria are not in violation, as I have said, of Section 493.11, in that such assignments do not constitute the providing of police services solely and exclusively for the benefit of a private firm or business, but rather a legitimate extension of "on-duty" police service that comports with the department's sworn responsibility to protect the public health, safety, and welfare. Further, an overall reading of the subject Chapter leads to the conclusion that its primary purpose is to foreclose the exempted class of persons from using their public positions to band together on their own to create a private service organization outside the control and direction of their public employer. The fact that the officer's particular assignment places him physically upon the premises of some firm or business willing to pay the city or department for such detail in no way lessens the fact that the subject officer is on duty, under the exclusive control and supervision of his department; and that therefore, he is not engaging in the type of watchman, guard, or patrol duty contemplated in and proscribed by Section 493.11(2). Additionally, it is obvious that the department head, in furtherance of his responsibility to provide police protection and related police services within the area of his jurisdiction, is able to place more sworn personnel "out in the field" during any particular shift than would otherwise have been possible, but for such special assignments. Consequently, for the reasons outlined above, it is our legal conclusion, based upon the facts provided, that the subject statute is not being violated. As a supplement to your analysis, my research has revealed further authority which buttresses your conclusion. Paragraph s. 493.11(1)(d), F.S., provides for the nonapplicability of Part I of Ch. 493: "To any person employed as special agent, detective or private investigator exclusively in connection with the affairs of that employer." Thus, an off-duty police officer not otherwise precluded from seeking outside employment would be permitted under s. 493.11(1)(d), supra, to perform as a special agent, detective, or private investigator exclusively for his outside employer without having to be licensed under the law and without violating the proscriptions of s. 493.11(2), F.S. See AGO 071-381. I am therefore able to concur in the conclusion as set out in your memorandum. Kindly note that I have not passed upon the legal aspects of the program in Broward County since that matter is not raised as an issue under consideration.